UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61358-BLOOM/Valle

AARON VANTREASE,

    Plaintiff,

v.

UNITES STATES POSTAL SERVICE,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS
## COUNT II OF PLAINTIFF'S AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant the United States Postal Service's ("USPS") Motion to Dismiss Count II of Plaintiff's Amended Complaint, ECF No. [46] ("Motion"), filed on February 5, 2019. On February 18, 2019, the Court granted Plaintiff's request for an extension of time to respond to the Motion until February 28, 2019. *See* ECF No. [57]. Plaintiff failed to respond to the Motion by the applicable deadline and did not request additional time in which to do so. The Court notes that under the Local Rules, the failure to respond to a motion may be deemed sufficient cause to grant the motion by default. *See* S.D. Fla. L.R. 7.1(c). Nevertheless, the Court will consider the merits of the Motion.

Plaintiff was an employee of USPS, and alleges that USPS failed to properly pay him regular and overtime wages. *See* ECF No. [42] ("Amended Complaint"). In the Amended Complaint, Plaintiff asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") (Counts I and III), and a claim for unpaid wages under Florida law (Count II). In the Motion, USPS argues that the Court should dismiss Count II, the state law unpaid wage claim, because there is no explicit waiver of sovereign immunity for wage claims arising under state law.

"The United States cannot be sued except as it consents to be sued." *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993). "The terms of the federal government's 'consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "[T]he existence of [the government's] consent is a prerequisite for jurisdiction." *Asociacion de Empleados del Area Canalera ("ASEDAC") v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Id.* (quotation omitted).

Upon review, there is no explicit waiver of sovereign immunity for wage claims under state law, and thus Count II is due to be dismissed for lack of jusridiction. *See, e.g. Bufkin v. United States*, 522 F. App'x 530, 531-32 (11th Cir. 2013) (affirming dismissal for lack of jurisdiction of claim against Internal Revenue Service absent explicit waiver of sovereign immunity).

Accordingly, the Motion, **ECF No. [46]**, is **GRANTED** and Count II of the Amended Complaint is dismissed for lack of jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of March, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record