# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61358-BLOOM/Valle

AARON VANTREASE,

    Plaintiff,

v.

UNITES STATES POSTAL SERVICE,

    Defendant.
_____/

## ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Enforce Settlement Agreement, ECF No. [60] ("Motion"), filed on March 18, 2019. The Court ordered Defendant to file an expedited response, which Defendant timely filed on March 27, 2019. ECF No. [62] ("Response"). The Court has carefully considered the Motion and Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff requests that the Court enforce a settlement agreement he maintains has been reached between himself and Defendant. Plaintiff contends that the parties have reached agreement as the material terms of a settlement and has produced a set of email exchanges between parties' counsel, which purportedly demonstrates an agreement. Defendant disputes the factual assertions made by Plaintiff and disputes that the parties in fact reach an agreement.

"[A] district court has inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir.1991). Settlement agreements need not necessarily be in writing to be enforceable. *See*

*BP Prods. N. Am., Inc. v. Oakridge at Winegard, Inc.,* 469 F. Supp. 2d 1128, 1132 (M.D. Fla. 2007). "Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so." *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002) (citing *Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc.*, 704 So. 2d 669, 673 (Fla. 1st DCA 1997)). But, "[t]o compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Id.* (citing *Don L. Tullis and Assoc., Inc. v. Benge*, 473 So. 2d 1384 (Fla. 1st DCA 1985)). "Uncertainty as to nonessential terms or small items will not preclude enforcement of a settlement agreement." *Id.* (citation omitted). "The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." *BP Prods.*, 469 F. Supp. 2d at 1133 (citing *Carroll v. Carroll*, 532 So. 2d 1109 (Fla. 4th DCA 1988)). Competent substantial evidence must support a finding of a meeting of the minds between the parties. *Id.* (citing *Long Term Mgmt.,* 702 So. 2d at 673).

Here, the email exchanges do not demonstrate that the parties reached an agreement with respect to the material terms of a settlement. Accordingly, Plaintiff's Motion, **ECF No. [60]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 1, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record