# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-cv-61358-BLOOM/Valle

AARON VANTREASE,

      Plaintiff,

v.

UNITES STATES POSTAL SERVICE,

      Defendant.

_____/

## ORDER ON MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon Defendant  United States Postal Service's Motion *In Limine*, ECF No. [89] (the "Motion"). Plaintiff Aaron Vantrease filed his Response, ECF No. [97] (the "Response"), to which Defendant filed its Reply, ECF No. [98] (the "Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I.      BACKGROUND

The Court assumes the parties' familiarity with the facts of the case. *See* ECF No. [129], Order on Defendant's Motion for Partial Summary Judgment. In the Motion, Defendant moves to preclude Plaintiff from introducing the following at the upcoming trial:

    a.   Evidence about the death by suicide of a former United States Postal Service ("USPS") employee; and,

    b.   Evidence about disciplinary actions taken against Steve Maiorino and John Miceli not related to Plaintiff's claims.

## II.   LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Products Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) and *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

Through this lens, the Court considers the Motion.

## III.   DISCUSSION

### a.   Evidence related to Mark Kresin's death by suicide

In the Motion, Defendant argues that Plaintiff should be precluded from presenting evidence concerning the death by suicide of former USPS employee Mark Kresin because it is not relevant and is prejudicial under Rule 403. Plaintiff responds that he located information regarding

a lawsuit filed by Kresin's widow claiming that her husband committed suicide as a result of constant hounding and belittling by his supervisor, Miceli. Plaintiff contends further that USPS conducted an investigation into the allegations and Miceli's conduct, that USPS recommended Miceli undergo human relations training, and that during his deposition in this case, Miceli stated that he had not undergone any additional training.[1]

Plaintiff argues that such evidence is probative of Defendant's failure to follow its own recommendations and supports Plaintiff's claim that Miceli was an abusive supervisor who lacked the proper training to effectively manage people, and is therefore relevant. The Court disagrees. Any information or evidence pertaining to Kresin's death almost fifteen years prior to the conduct Plaintiff complains of is irrelevant to Plaintiff's FLSA claims. Moreover, any probative value of such evidence is substantially outweighed by the danger of unfair prejudice.

### b.  Evidence of disciplinary actions against Maiorino and Miceli

Defendant also requests that the Court exclude any evidence regarding disciplinary actions taken against Maiorino and Miceli as not relevant and prejudicial under Rules 401 and 403. In response, Plaintiff argues that such evidence directly relates to Mairino's veracity and credibility as a witness, to how Miceli treats his employees, and is relevant to Plaintiff's claims that Miceli retaliated against Plaintiff. The Court again disagrees. Contrary to Plaintiff's contention, disciplinary actions taken against Maiorino and Miceli for actions unrelated to Plaintiff do not tend to prove or disprove any fact of consequence in Plaintiff's FLSA claims. Accordingly, such evidence will be excluded. However, to the extent that Defendant "opens the door" regarding

---

[1] Other than Miceli's statement that he did not undergo additional training, the only support Plaintiff offers for his contentions is a print-out of a Palm Beach Post article attached to his Response. *See* ECF No. [97-1].

Case No. 18-cv-61358-BLOOM/Valle

Maiorino's veracity, such evidence may become relevant as "the court may alter its ruling based on developments at trial or on its sound judicial discretion." *Gonzalez*, 718 F. Supp. 2d at 1345.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion, **ECF No. [89]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 21, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record