# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61358-BLOOM/Valle

AARON VANTREASE,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## ORDER ON MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

**THIS CAUSE** is before the Court upon Defendant the United States Postal Service's ("Defendant" or "USPS") Motion to Strike Plaintiff's Jury Demand and Motion for Enlargement of Time, ECF No. [132] ("Motion"), filed on November 25, 2019. Pursuant to the Court's Order, ECF No. [134], Plaintiff filed an expedited response on November 27, 2019. ECF No. [136] ("Response"). The Court has carefully considered the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the following reasons, the Motion is granted.

In this case, Plaintiff seeks damages against USPS for overtime violations and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. USPS requests that the Court strike Plaintiff's jury demand as there has been no waiver of sovereign immunity by the federal government with respect to a jury trial under the FLSA. In response, Plaintiff argues that Defendant's Motion is untimely and should be denied, relying on *Helmly v. Stone Container Corporation*, 957 F. Supp. 1274 (S.D. Ga 1997) and *United States v. 79.36 Acres of Land*, 951 F.2d 364 (9th Cir. 1991). However, *Helmly* and *79.36 Acres* are distinguishable from the instant

case. In those cases, the Government was not a defendant and here the Government is the Defendant. Thus, that distinction is critical.

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (internal quotations and citation omitted). Section 216(b), under which Plaintiff's claims arise in this case, applies to "any employer," which includes a "public agency" defined as "the Government of the United States; the government of State or political subdivision thereof; any agency of the United States (including the United States Postal Service and Postal Regulatory Commission) . . . ." 29 U.S.C. § 203(d), (x). Thus, the FLSA contains a clear waiver of immunity for FLSA claims against the federal government. However, even where Congress waives the government's immunity from suit, "the plaintiff has a right to a trial by jury only where that right is one of the terms of the Government's consent to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotations and citation omitted). "Like a waiver of immunity itself, which must be unequivocally expressed[,] this Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id*. at 161-62 (citations omitted). As the Supreme Court has explained,

> The reason that the Seventh Amendment presumption in favor of jury trials does not apply in actions at law against the United States is that the United States is immune from suit, and the Seventh Amendment right to a jury trial, therefore, never existed with respect to a suit against the United States. Since there is no generally applicable jury trial right that attaches when the United States consents to suit, the accepted principles of sovereign immunity require that a jury trial right be clearly provided in the legislation creating the cause of action.

*Id*. at 162 n.9. As a result, unless Plaintiff can point to specific language in the FLSA providing for a right to a trial by jury against the federal government and its agencies, such a right simply does not exist. Unfortunately for Plaintiff, the FLSA contains no such language.

Nevertheless, Plaintiff argues, relying on *Carter v. Marshall,* 1978 WL 33, at *2 (D.D.C. Apr. 20, 1978), that a private right to a jury trial against the Government is available under the FLSA. However, *Carter* is an unpublished decision that predates the Supreme Court's decision in *Lehman*, in which the Court specifically noted further that "for the same reason that the Seventh Amendment does not apply in suits against the Federal Government, there would be no comparable right to trial by jury in FLSA suits against the Federal Government under 29 U.S.C. § 216(b)." 453 U.S. 164 n.11.

Accordingly, Defendant's Motion, **ECF No. [132]**, is **GRANTED**, and this case shall proceed to a bench trial as presently scheduled. The parties may submit proposed findings of fact and conclusions of law **by December 2, 2019.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 27, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record